UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRYAN CLAYTON ROBERTS (#391241)     CIVIL ACTION NO.:

VERSUS     16-CV-600-JWD-EWD

DARRELL VANNOY, ET AL

## RULING AND ORDER

Before the Court is a motion for temporary restraining order and/or preliminary injunction styled "Brief in Support of Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Declaration Injunction Relief, Pursuant to Rule 65 Federal Rules of Civil Procedure." (Doc. 12.) The Court has carefully considered the motion along with attached exhibits and, for the following reasons, the motion is denied.

Plaintiff Brian Clayton Roberts ("Plaintiff" or "Roberts") is an inmate at Louisiana State Penitentiary at Angola and is proceeding *pro se* in a civil action under 42 U.S.C. Section 1983 alleging damages arising from violations of his constitutional rights. (Doc. 1.) In the present motion, Plaintiff alleges the following pertinent facts. On March 26, 2017, as he was bending over to get clothes out of his laundry bag, his "lower back just locked up on me." (Doc. 12-3 at 1.) He made an emergency sick call and was seen by EMT Sgt. Strawder, who told plaintiff "she was aware of [his] conditions and that [he] was waiting to see a specialist and that [he] had a follow-up appointment in May." (*Id.*) Despite his complaint of severe pain and that he could not sit down, Sgt. Strawder "disregarded [his] complaint for medical care, [,] failed to do an examination [,] failed to provide [him] any medication for the pain and [failed] to refer him to the emergency room to be evaluated by the on-call doctor…" (*Id.*)

1

Later, when his "legs gave out and [he] fell to the floor", an ambulance was called, and he was "confronted by EMT Lance and [an] unknown male EMT officer." Despite his complaints that he could "not move because [his] lower back locked up and that [he] was in severe pain" (*id.*), the EMT was "very aggressive and rude," and nothing was done. (*Id.*) Despite another sick call complaint made two days later, no action was taken. (*Id.*, at 2.)

In his verified motion, Plaintiff charges that he is "suffering from severe lower back pains of locking up having him paralyzed from the waist down, and stress." (Doc. 12 at 2.) He alleges that he "has suffered both severe back injuries and an increase to the risk of future damage to his health as a direct result of him being deprived of a serious medical need that requires surgery…" (Id.) He asks for a temporary restraining order and/or a preliminary injunction to directing defendants to give plaintiff the proper treatment." (*Id.* at 1)

In support of his motion, Plaintiff attaches seven "Healthcare Request Form[s]" beginning on September 15, 2016 and ending on March 28, 2017. (Docs. 12-1 at 1-7.) These forms, some of them barely legible, are shown as "Routine Sick Call[s]". In each of them, they merely show, in the offender's own handwriting, the complaints which mirror the allegations made in his ARP and motion. In addition, he also attaches his Administrative Remedy Procedure (ARP) in which he makes the allegations summarized above. Plaintiff fails to attach any medical records or any additional documentation to support his complaints.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Green*, 553 U.S, 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.* 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power*

2

*& Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mktg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

Plaintiff has failed to show that the facts and law clearly favor his request for a temporary restraining order or preliminary injunction. Plaintiff's motion, which relies solely on his own allegations (which are mostly conclusory), fails to show he has a substantial likelihood of prevailing on the merits or that there is a substantial threat he will suffer irreparable injury if the requested relief is not granted, much less that the law and the facts clearly favor him. Instead, Plaintiff offers only unsubstantiated allegations concerning his medical condition. Additionally, any harm which may come to the plaintiff will likely not be irreparable and can be compensated

3

for monetarily and, if warranted, addressed by way of a post judgment injunction and/or restraining order.

The relief sought by Plaintiff in this motion is generally co-extensive with the relief sought in his Complaint. As a general rule, preliminary injunctions and temporary restraining orders are designed to preserve the status quote prior to the court's consideration of a case on its merits, and they are not intended as a substitute for relief on the merits of the case. *See, generally*, *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987); *Shanks v. City of Dallas*, 752 F.2d 1092, 1096 (5th Cir. 1985).

Furthermore, Plaintiff has not shown that the injunction will not disserve the public interest. Considerations of federalism weigh heavily against interference by federal courts through the issuance of temporary restraining orders or preliminary injunctions against state agencies. The Supreme Court has stated that prison administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security. *Block v. Rutherford*, 468 U.S. 576, 584-85 (1894). Consequently, federal district courts should not allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 561 (1979)).

For the foregoing reasons, Plaintiff has not shown the exceptional circumstances needed for the issuance of a temporary restraining order or preliminary injunction in this case. Accordingly,

4

**IT IS ORDERED** that Plaintiff's motion for temporary restraining order and/or preliminary injunction styled "Brief in Support of Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Declaration Injunction Relief, Pursuant to Rule 65 Federal Rules of Civil Procedure" (Doc. 12) is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on May 23, 2017.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**