# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRYAN CLAYTON ROBERTS (#391241)**             **CIVIL ACTION**

**VERSUS**

**DARRELL VANNOY, ET AL.**            **NO. 16-0600-JWD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 31, 2017.

                                                      **ERIN WILDER-DOOMES**
                                                      **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRYAN CLAYTON ROBERTS (#391241)            CIVIL ACTION

VERSUS

DARRELL VANNOY, ET AL.            NO. 16-0600-JWD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 6, 2016, the Court entered an Order (R. Doc. 5) granting Plaintiff's Motion to Proceed *In Forma Pauperis* in this case and directing Plaintiff to pay to the Clerk of Court, within twenty-one (21) days, an initial partial filing fee in the amount of $ 5.00, "or this action shall be dismissed." The Court's Order specifically advised Plaintiff that it was his responsibility to pay the initial partial filing fee and that the prison would **NOT** forward payment of the initial partial filing fee without Plaintiff's written authorization. *Id.*

Instead of complying with the Court's Order and making payment of the required fee, Plaintiff objected to the Order. *See* R. Doc. 6. After the Order was affirmed by the assigned District Judge, *see* R. Doc. 7, Plaintiff requested an extension of time within which to make the payment. In response, the Court granted Plaintiff's request and directed him to forward the required payment within twenty-one (21) days or, within such time, to appear and show cause, in writing, why his Complaint should not be dismissed for failure to pay the initial partial fee. The Court's Order further directed Plaintiff to attach to his show-cause response copies of his inmate account transaction statements showing the daily account activity in his inmate drawing, savings and reserve accounts for the months of October, 2016 through February, 2017, including deposits into, withdrawals from, and balances in these accounts. *Id*. The Court's Order further advised

Plaintiff that if he failed to pay the Court's initial partial filing fee, failed to submit the requested information, or in the event that the Court was able to determine from Plaintiff's response that he had had deposited in his inmate accounts sums sufficient to make the required payment but had failed to do so without good cause, Plaintiff's action "shall be dismissed, without further notice, for failure to pay the Court's initial partial filing fee." *Id.*

Despite notice and an opportunity to appear, Plaintiff has failed to comply with the Court's Orders and has failed to either pay the initial partial filing fee or submit an adequate written response. Instead, Plaintiff has filed a response (R. Doc. 11) which states (1) that he is not required to pay the filing fee because he is purportedly a "seaman" within the meaning of 28 U.S.C. § 1916, and (2) that he has made requests for prison officials to forward the documentation described above, but prison officials have failed to comply.

Plaintiff's arguments are unavailing. In the first place, he clearly does not qualify as a "seaman" in this case under 28 U.S.C. § 1916 so as to be relieved of the obligation of paying the Court's filing fee. Second, the reason provided by Plaintiff for non-compliance with the Court's Order fails to provide sufficient justification for his failure to obtain and file with the Court, as directed, copies of the pertinent documentation. The Court deals with a substantial volume of prison litigation and routinely orders that inmates confined at LSP request and obtain from prison officials copies of their inmate accounting records. In the Court's considerable experience, inmates who make written requests to the inmate accounting office are routinely provided with their requested records. Specifically, prison officials do not routinely or repeatedly ignore inmates' requests for such documentation or refuse to comply therewith. Whereas Plaintiff has provided a copy of a single letter that he purportedly forwarded to prison officials requesting the necessary documentation, *see* R. Doc. 11-1 at p. 2, that letter is dated March 28, 2017, only one

day prior to Plaintiff's response to this Court's show-cause order. As such, the letter does not support his assertion that he has reasonably attempted to comply with the Court's Order to provide the requested information. Although the letter is stated to be a "second letter" forwarded by Plaintiff, he does not provide the Court with a copy of the first such letter. Accordingly, Plaintiff's conclusory assertion that prison officials will not comply with his request for these records fails to justify Plaintiff's complete failure to provide the Court with the information needed to evaluate and address Plaintiff's request to proceed as a pauper in this proceeding. In the absence of this information, and upon Plaintiff's failure to alternatively pay the Court's initial partial filing fee, the Court is unable to proceed in this case. Accordingly, Plaintiff's action shall be dismissed, without prejudice, because of his failure to pay the initial partial filing fee or comply with the Court's Order to show good cause for his failure to do so.[1]

## RECOMMENDATION

It is recommended that the above-captioned proceeding be **DISMISSED,** without prejudice for failure of Plaintiff to pay the initial partial filing fee ordered by the Court.

Signed in Baton Rouge, Louisiana, on July 31, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

1     Plaintiff is advised that during the 14-day period allowed to him to object to this Recommendation, he may tender the initial partial filing fee to the Court or submit documentation that reflects the activity in his inmate accounts, as the Court has requested, through the date of his objection.